# EXHIBIT A

# LETTER FROM ATTY WILLIAM ASHE (ATTORNEY FOR DEFENDANT- CAMDEN COUNTY GEORGIA PROBATE JUDGE ROBERT C. SWEATT, JR.)

CIVIL ACTION: MS. JM THOMAS v. WILLIAM R. ASHE, ATTY (EXHIBITS A-E)

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | |
|---|---|
| JOHNNIE MARENE THOMAS,<br>Plaintiff, | )<br>)<br>) |
| v. | ) No. CV222-139<br>) |
| ROBERT C. SWEATT, JR.<br>In His Individual and Personal Capacity,<br>Defendant. | )<br>)<br>)<br>) |

## DEFENDANT'S MOTION TO DISMISS

Defendant ROBERT C. SWEATT, JR. ("Sweatt") hereby moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), showing the Court as follows:

I. FACTUAL BACKGROUND

This *pro se* litigation arose when the Plaintiff sued Defendant Robert C. Sweatt, Jr. alleging, *inter alia*, an ostensible violation of her "CONSTITUTIONAL RIGHTS OF THE 14TH AMENDMENT" (ECF 1, P. 1, Para.1). The Complaint is styled against the Defendant "In His Individual and Personal Capacity" yet appears to arise from his actions undertaken as the duly-elected Judge of the Probate Court of Camden County, Georgia. (ECF 1, P. 2, Un-numbered Para. styled PLAINTIFF CAUSE OF ACTION) The Complaint invokes federal question jurisdiction under 28 U.S.C. § 1331. (ECF 1, P. 2, Para.2) but fails to show any justiciable cause arising under federal law.

Plaintiff's attached Exhibit A . (ECF 1, pp. 5-8) is a copy of an Order entered by

Page -1-

Judge Sweatt on August 31, 2022 granting certain relief to the heirs of Irene D. Thomas, the deceased mother of Plaintiff Thomas. It is clear from this filing that the Plaintiff's perceived cause of action arises from the action taken by Defendant Sweatt in his duties and capacity as Probate Judge.

## II. ARGUMENT AND CITATION OF AUTHORITY

a) *This Court should dismiss Plaintiff's Complaint because it fails to state a claim upon which subject-matter jurisdiction lies. Fed. R. Civ. P. 12(b)(1)*

There are no allegations discernible in ECF 1 which give rise to federal subject matter jurisdiction in this case. If Plaintiff has been aggrieved by actions taken by Defendant in his capacity as a Georgia Probate Judge, her remedy is found in Title 5 of the Official Code of Georgia. Orders of Probate judges are subject to appeals to Georgia Superior Courts pursuant to O.C.G.A. § 5-3-2. "[A] conclusory allegation ... does not supply facts adequate to show illegality." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "[C]onclusory statements such as '[d]efendants have not undertaken the above practices and activities in isolation, but instead have done so as part of a common scheme and conspiracy' do not suffice." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010).

b) *This Court should dismiss Plaintiff's Complaint because it lacks personal jurisdiction; Fed. R. Civ. P. 12(b)(2)*

Defendant Camden County Probate Judge Sweatt is entitled to absolute judicial immunity for all actions taken in his judicial capacity. Inasmuch as can be determined from the pleading filed by the Plaintiff in this matter, all actions, taken or not taken by Defendant Judge Sweatt with respect to interactions with the Plaintiff, were taken

Page -2-

within his judicial capacity. This Court has no jurisdiction to determine whether his actions taken in his capacity as a state judge are subject to the civil relief of money damages requested by plaintiff.

Instructive to this point is Forrester v. White, 484 U.S. 219 (1988) where Justice Sandra Day O'Connor, writing the opinion of the court in a 42 U.S.C. 1983 action, explained the justifications for the doctrine of judicial immunity:

> The purposes served by judicial immunity from liability for damages have been variously described .... [T]he Court [has persistently] emphasized that the nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have .... If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. . . . The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from theconsequences of judicial error. Most judicial mistakes ... are open to ...[appellate] review, which [is] largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

Similarly, the Supreme Court of the United States was equally clear in Pierson et al v. J.L. Ray et al ., 87 S.Ct. 1213 (1967), that

> "This immunity applies even when the judge is accused of acting

Page -3-

maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' (Scott v. Stansfield, L.R. 3 Ex. 220, 223 (1868), quoted in Bradley v. Fisher, supra, 349, note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.. Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation."

As a historical matter, the doctrine of judicial immunity arose in response to the creation of the right of appeal. In the tenth and eleventh centuries in England, when no right of appeal existed, losing litigants could challenge unfavorable judgments on the ground that they were false. See M. COMISKY & P. PATTERSON, THE JUDICIARY—SELECTION, COMPENSATION, ETHICS, AND DISCIPLINE 233 (1987) The litigant was entitled to both the nullification of a false judgment and a fine (known as an amercement) against the judge who had rendered it. *Id.*

As the right to appeal became available, it replaced amercements against judges, and gradually the doctrine of judicial immunity developed. *Id.* As a matter of law, "a judicial officer, when required to exercise judgment or discretion, is not liable criminally for any error which he or she commits provided he or she acts in good faith." 48A C.J.S.

Page -4-

Judges 223 For example, "a judge is not subject to prosecution for refusing to enforce a law the judge believes is unconstitutional." *Ibid*. This is not to say that a judge is above the law and cannot be prosecuted for a criminal violation, such as bribery. However, a judicial ruling from the bench is not a criminal violation, even if made in error. Instructive is the case of Petition of McNair, Mayor et al., involving the decision of a magistrate judge, whereby the Supreme Court of Pennsylvania was clear in stating,

> "In certain instances their decisions are reviewable on appeal, but otherwise they must be left free to exercise an independent judgment in the conduct of their office. They cannot be subjected to liability, civil or criminal, for any of their judicial acts, no matter how erroneous, so long as they act in good faith." Petition of McNair, et al., 324 Pa. 48 (1936). ...
> "Others may differ with his judgment, but in its exercise he is not subject to criminal liability unless bad faith or corruption be shown." *Id*.

Plaintiff's complaint contains no evidence that Defendant Judge Sweatt acted outside of his judicial capacity, nor that he acted without subject-matter jurisdiction. Conducting a hearing, issuing orders disposing of estates, ruling on evidentiary objections, hearing testimony, reviewing briefs and memoranda, are all functions normally performed by a probate court judge.

*c) This Court should dismiss Plaintiff's Complaint because it fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6)*

The Plaintiff's claim does not comport with Rule 8(a)'s command that plaintiffs plead their claims with some level of particularity and avoid a "formulaic recitation of the elements of a cause of action." See citations to Paragraph II a. above. Plaintiff fails

to allege an actionable federal claim other than the conclusory allegation that Defendant Judge Sweatt was "acting without jurisdiction" found in ECF 1, P. 2, un-numbered Para.

III. CONCLUSION

Because it fails to set forth any facts that would plausibly show a right to relief and the Defendant is not subject to the jurisdiction of this Court in acting in his ordinary judicial capacity this Court should DISMISS Plaintiff's complaint with prejudice.

This 3rd day of January, 2023.

Respectfully submitted,

William R. Ashe
Attorney for Defendant
Georgia Bar Number 000490

Law Offices of William R. Ashe
Post Office 607
Woodbine, Georgia
912.882.9544

Page -6-