# EXHIBIT D

# DEFAULT JUDGMENTS
# TO BE EXPEDITED IMMEDIATELY

CIVIL ACTION: MS. JM THOMAS v. WILLIAM R. ASHE, ATTY (EXHIBITS A-E)

*To Be Expedited Immediately*

## C. DEFAULT JUDGMENTS

### § 2683. Clerk's Entry of a Default Judgment

Rule 55(b)(1) provides that after a default has been entered, and upon the request of plaintiff, the clerk may enter a judgment by default when the claim is "for a sum certain or for a sum which can by computation be made certain."[1] It also is necessary that

§ 2683

**1. Sum certain**

Thorpe v. Thorpe, C.A.D.C.1966, 364 F.2d 692.

Draisner v. Liss Realty Co., C.A.D.C. 1954, 211 F.2d 808, 809 (per Danaher, J.), certiorari denied 75 S.Ct. 115, 348 U.S. 877, 99 L.Ed. 690.

In an action to recover overtime compensation, liquidated damages, and a reasonable attorney's fee under the Fair Labor Standards Act, the court said that except for the need to fix a reasonable attorney's fee the clerk could have entered a judgment under Rule 55(b)(1). Ferraro v. Arthur M. Rosenberg Co. of New Haven, Connecticut, C.C.A.2d, 1946, 156 F.2d 212.

Music City Music v. Alfa Foods, Ltd., D.C.Va.1985, 616 F.Supp. 1001, 1002, **citing Wright, Miller & Kane.**

For purposes of the clerk's authority to enter a default judgment, withdrawal liability, interest, and liquidated damages which trustees of health and retirement funds sought from the employer under the Employee Retirement Income Security Act represented a "sum certain," since the Act provided statutory formulas for computation of those amounts, and the affidavit of the assistant comptroller of funds demonstrated that those trustees had carefully calculated the amount of their entitlement in accordance with those formulas. Combs v. Coal & Mineral Management Servs., Inc., D.C.D.C.1984, 105 F.R.D. 472.

A default judgment was not required to be set aside on the ground that it was not for a sum certain when the sum at issue in an action to recover on note guarantees could be made certain by calculation through reference to the terms of the note and schedule of payments. FDIC v. Spartan Mining Co., D.C.W.Va.1983, 96 F.R.D. 677, 683, **citing Wright & Miller.**

Had the request for a judgment by default included an amount of prejudgment interest, it would have been necessary for plaintiff to address its request to the court, as allowance of prejudgment interest in the absence of a statutory provision is in the discretion of the court. U.S. v. Rainbolt, D.C.Tenn.1982, 543 F.Supp. 580.

The motion by the United States for the federal district court to enter a judgment by default of a sum certain for overpayment of an education loan would be denied without prejudice to an application to the clerk of the court for entry of a judgment by default under Rule 55(b)(1). U.S. v. Watkins, D.C.Tenn.1982, 96 F.R.D. 556.

U.S. v. Raleigh Restaurant, D.C.N.Y. 1975, 398 F.Supp. 496.

Design & Development, Inc. v. Vibromatic Mfg., Inc., D.C.Pa.1973, 58 F.R.D. 71.

Finch v. Big Chief Drilling Co., D.C.Tex. 1972, 56 F.R.D. 456.

22

defendant be in default for "failure to appear"[2] and not be "an infant or incompetent person."[3]

A plaintiff requesting the clerk to enter judgment by default must submit an affidavit to establish that the amount due is a sum certain or one that can be made certain by computation. This requirement obviously is met when the damages claimed are for a liquidated amount.[4] It also was held to have been satisfied in a case in which plaintiff's complaint demanded a judgment for the full amount of a check, or alternatively for one-half the amount of the check, and plaintiff requested a default judgment for the smaller of the two specific amounts.[5] The certainty requirement is not met, however, when there is only a generalized statement of the amount due in plaintiff's complaint.[6] Thus, it has been held that the need to fix "reasonable" attorney's fees prevents the clerk from entering a judgment under Rule 55(b)(1).[7]

Ace Grain Co. v. American Eagle Fire Ins. Co. of New York, D.C.N.Y.1951, 11 F.R.D. 364 (damages held not certain).

See also

Menier v. U. S., C.A.5th, 1968, 405 F.2d 245, 247 n. 2.

**2. Failure to appear**
See § 2686.

See also

If defendant were in fact in default, plaintiff's letter asserting that the answer "was a day late" and declaring "I want immediately [sic] action taken" would have required the entry of default by the clerk. Boyd v. Jordan, D.C.N.C.1973, 60 F.R.D. 203.

**3. Infants and incompetents**
See § 2689.

**4. Liquidated amount**

Medunic v. Lederer, D.C.Pa.1974, 64 F.R.D. 403, reversed on other grounds C.A.3d, 1976, 533 F.2d 891 (unliquidated damages, so court must enter).

U.S. v. Herlong, D.C.S.C.1949, 9 F.R.D. 194.

**5. Check amount**

Thorpe v. Thorpe, C.A.D.C.1966, 364 F.2d 692.

**6. Generalized statement**

Anderson v. U. S., C.A.1st, 1950, 182 F.2d 296 (dictum).

A claim for the conversion of cows and heifers without specifying their value was not for a sum certain. U. S. v. Melichar, D.C.Wis.1972, 56 F.R.D. 49.

**7. Reasonable attorney's fees**

Ferraro v. Arthur M. Rosenberg Co. of New Haven, Connecticut, C.C.A.2d, 1946, 156 F.2d 212.

For purposes of the clerk's authority to enter a default judgment, the amount of attorney fees which the trustees of health and retirement funds sought from employees under the Employee Retirement Income Security Act was neither certain nor ascertainable by computation and, thus, was not a "sum certain," since the Act provided that the court was to award reasonable attorney fees, and the reasonableness of fees requested by the trustees was a "judgment call" which only the court could make. Combs v. Coal & Mineral Management Servs., Inc., D.C.D.C.1984, 105 F.R.D. 472.

Compare

In the absence of a provision in the promissory note or in the agreement