# EXHIBIT C

# MEMORANDUM OF LAW – FOURTEENTH "14" AMENDMENT CASES DUE PROCESS

CIVIL ACTION: MS. JM THOMAS v. WILLIAM R. ASHE, ATTY (EXHIBITS A-E)

*—MEMORANDUM of LAW —*

### AUTHORITY

Kelson v. City of Springfield, 767 F.2d 651, 655 (9th Cir. 1985); Ward v. San Jose, 967 F.2d 280, 283 (9th Cir.1991) (both parents and children have this right).

### PRACTICE COMMENTARY

There is a protected liberty interest in a parent's companionship and society with a child. Note that the converse also is the case, and that this instruction may be modified to state the child's interest. *See Crumpton v. Gates*, 947 F.2d 1418 (9th Cir.1991) (fetus, when born, can pursue liberty interest for pre-birth loss of parent).

## § 3–1.17  Due Process, Types Of Violations

The Fourteenth Amendment embodies three different protections: (1) a procedural due process protection requiring the state to provide individuals with some type of process before depriving them of their life, liberty, or property; (2) a substantive due process protection, which protects individuals from arbitrary acts that deprive them of life, liberty, or property; and, (3) an incorporation of specific protections afforded by the Bill of Rights against the states.

### AUTHORITY

Miller v. Campbell, 945 F.2d 348, 352 (10th Cir.1991), cert. denied, 502 U.S. 1096, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1992).

### PRACTICE COMMENTARY

This basic instruction sets out the three interests protected by the due process clause of the Fourteenth Amendment: (1) procedural due process; (2) substantive due process; and, (3) so-called "incorporation by reference" due process.

The first interest is one to be afforded a procedure at all—such as a hearing—in order for the government legally to be able to affect one's life, liberty, or property. The second interest is one not to be arbitrarily deprived of life, liberty, or property. The third interest is made up of rights created by state law, and which become part of the due process of state law that is incorporated into and is protected by federal law.

205

facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.

### AUTHORITY

Weyant v. Okst, 101 F.3d 845, 851 (2d Cir.1996). See also, Dunaway v. New York, 442 U.S. 200, 208 n. 9, 99 S.Ct. 2248, 2254 n. 9 60 L.Ed.2d 824 (1979); Wong Sun v. U.S., 371 U.S. 471, 479, 83 S.Ct. 407, 412–19, 9 L.Ed.2d 441 (1963); Brinegar v. United States, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949); Mackinney v. Nielsen, 69 F.3d 1002, 1005 (9th Cir.1995) ("prudent person" test).

### PRACTICE COMMENTARY

Probable cause to arrest must be based either on actual knowledge or on reasonably trustworthy information, both measured through the eyes of a person of reasonable caution. Note that knowledge requires as part of its definition that what is contended to be known must, in fact, be true, and also that the "person of reasonable caution" standard is not police-based, but is based on the group of all persons. Furthermore, though "reasonably trustworthy information" and "knowledge" are used disjunctively, the former may not be a substitute for the latter in circumstances in which there would be knowledge but for the fact that what is claimed to be knowledge is known or believed not to be true: that is, "reasonably trustworthy information" is no substitute to shore up matters known to be false.

### § 1–1.30  Probable Cause, Cautious Person Standard

Probable cause consists of information that would lead a reasonably cautious person to believe either that a crime has been or is being committed, or that a search will uncover evidence of a crime.

### AUTHORITY

United States v. Burgos, 720 F.2d 1520, 1525 (11th Cir. 1983); United States v. Rojas, 671 F.2d 159, 165 (5th Cir. Unit B 1982); Michigan v. De Fillippo, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979).

### AUTHORITY

Ludwig v. Anderson, 54 F.3d 465, 471 (8th Cir.1995) (successive uses of three different types of force); California v. Hodari D., 499 U.S. 621, 625, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991); see also, Hopkins v. Andaya, 958 F.2d 881 (9th Cir.1992) (successive uses of same types of force).

### PRACTICE COMMENTARY

Each potential seizure, for example, a stop, an arrest, a use of force, is to be separately evaluated for its legal sufficiency.

## § 1–1.9  Stops, When Permitted

Law enforcement officers may approach a person for the purpose of investigating possible criminal behavior even though there is no probable cause to arrest the person.

A stop of the person is permissible only when officers are aware of facts which, taken together with rational inferences from these facts, reasonably warrant the suspicion that the person stopped, has been, is, or is about to be engaged in criminal activity.

### AUTHORITY

United States v. Rose, 731 F.2d 1337, 1342 (8th Cir.1984).

### PRACTICE COMMENTARY

This is a basic stop instruction, and it sets forth the limits that circumscribe how far police may go in making a stop. Such stops commonly are termed Terry stops, after *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Note that a frisk or search does *not* automatically follow from the right to make a stop, and that each police action, stop, arrest, frisk, search, must be separately supportable by facts known to the officer who engages in each such activity.

## § 1–1.10  Terry Stops—What Is Required

The reasonable suspicion required in order to make a stop or to effect and to continue a detention must consist of a particularized and objective basis for suspecting the particular person stopped or detained of criminal activity.