# In the United States District Court for the Southern District of Georgia Brunswick Division

JOHNNIE MARENE THOMAS,

    Plaintiff,

v.

WILLIAM R. ASHE, in an individual capacity,

    Defendant.

CV 2:23-023

## ORDER

Before the Court are Defendant William Ashe's Motion to Dismiss, dkt. no. 4, and, in the alternative, Motion for More Definite Statement, dkt. no. 5. Plaintiff Johnnie Thomas has filed no response to the motions, and the time for doing so has passed. For the reasons provided below, Defendant's Motion for More Definite Statement is **DENIED**, and his Motion to Dismiss is **GRANTED**.

## BACKGROUND

The facts stated herein are taken solely from Plaintiff's complaint, dkt. no. 1, and, for the purpose of considering these motions, are assumed to be true.

Plaintiff alleges Defendant, who is an attorney, represented Camden County Probate Judge Robert Sweatt, Jr. and Camden County Attorney John Myers, "who are responsible for unlawful civil acts taken against [Plaintiff]" beginning in 2018. Id. at 2.

Specifically, in December 2018, Judge Sweatt appointed Mr. Myers administrator of Irene Thomas's estate.[1]  Id. at 3.

Plaintiff alleges Defendant "is an attorney acting outside of his jurisdiction and professional scope by knowingly, willfully and intentionally representing a County Probate Judge and a County Attorney."[2]  Id. at 1.  Plaintiff alleges that judges and county attorneys "can only be represented by the attorney general."  Id.

Plaintiff seeks damages and "redress [for] violation of [her] rights under the United States Constitution and more particularly the Due Process clause of the [F]ourteenth (14th) Amendment," which "protect[s] people from arbitrary deprivation of life, liberty and property without due process of law."  Id.

## LEGAL AUTHORITY

**I. Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in

---

[1] Plaintiff does not identify her relationship with Irene Thomas, see dkt. no. 1, but documents attached to her complaint reveal that Irene Thomas is Plaintiff's mother, dkt. no. 1-2 at 3.
[2] Plaintiff has filed separate actions in this Court against Sweatt and Myers, in their individual capacities.  See Dkt. Nos. 1-2 (Thomas v. Sweatt, No. 2:22cv139), 1-3 (Thomas v. Myers, No. 2:22cv147).

2

the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

Lastly, the Court notes that exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint as exhibits

in resolving a motion to dismiss without converting the motion to one for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

**II. Motion for a More Definite Statement**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Federal Rule of Civil Procedure 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." And finally, "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

## DISCUSSION

It appears from Plaintiff's complaint and its attachments that Plaintiff is unhappy with the actions of Judge Sweatt and County Attorney Myers in connection with the distribution of Plaintiff's mother's estate. See Dkt. No. 1. Further, Plaintiff asserts Defendant Ashe acted unlawfully by representing Sweatt and

4

Myers in Plaintiff's respective lawsuits against them, because, she asserts, judges and county attorneys can *only* be represented by the state attorney general. See id. Plaintiff contends such representation by Defendant is a violation of her Due Process rights. See id.

## I. Motion for More Definite Statement

Plaintiff's complaint is not "so vague or ambiguous" that Defendant "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Indeed, as shown by Defendant's motion to dismiss, Plaintiff's claims are sufficiently identifiable to enable Defendant to respond. Accordingly, Defendant's motion for a more definite statement, dkt. no. 5, is **DENIED**.

## II. Motion to Dismiss

Plaintiff's claims do not survive Defendant's motion to dismiss, however. While it may be true that the state attorney general—or solicitor general or county attorney—ordinarily provides legal representation to all county departments, including courts and their judges, there is no Georgia law requiring a public official, when sued in his individual capacity, to be so represented. In other words, when a county judge or county attorney is sued in his individual capacity in a civil lawsuit—as Judge Sweatt and Attorney Myers were in the proceedings Plaintiff references—he may employ the attorney of his choice. Plaintiff's assertions to the contrary are inapposite. Because Defendant

5

Ashe's representation of Sweatt and Myers could not have violated Plaintiff's Due Process rights, Plaintiff fails to state a claim for which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Accordingly, Defendant's motion to dismiss, dkt. no. 4, is **GRANTED,** and Plaintiff's claims are **DISMISSED.**

### III. Futility of Amendment

Where a "more carefully drafted complaint might state a claim," the court must allow a pro se plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile. Lee v. Alachua Cnty., 461 F. App'x 859, 860 (11th Cir. 2012) (unpublished decision). All of Plaintiff's claims rest on the alleged unlawfulness of Defendant Ashe's representation of Judge Sweatt and County Attorney Myers, but as discussed above, there is no law requiring a Georgia county judge or county attorney who has been sued in his individual capacity to be represented by the state attorney general. Thus, a "more carefully drafted complaint" based on Defendant's representation of Sweatt and Myers would be futile. See, e.g., Veal v. Deutsche Bank Nat'l Trust Co., No. 1:13-cv-3610-WSD, 2014 WL 3611743, at *5 (N.D. Ga. July 17, 2014) (dismissing pro se plaintiffs' complaint with prejudice because they "cannot state a claim for violation of the [Fair Debt Collection Practices Act] based on the judicial dispossessory and eviction proceedings").

**CONCLUSION**

Defendant's motion for a more definite statement, dkt. no. 5, is **DENIED,** Defendant's motion to dismiss, dkt. no. 4, is **GRANTED,** and Plaintiff's complaint is **DISMISSED with prejudice.**  The Clerk is **DIRECTED** to close this case.

**SO ORDERED,** this 3rd day of April, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA