# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOHNNIE MARENE THOMAS,

    Plaintiff,

v.

WILLIAM R. ASHE, in an individual capacity,

    Defendant.

CV 2:23-023

**ORDER**

Before the Court is Plaintiff Johnnie Thomas's motion to enter default. Dkt. No. 8. The motion is **DENIED**.

Plaintiff filed her complaint on February 9, 2023. Dkt. No. 1. On March 1, 2023, Defendant William Ashe filed both a motion for more definite statement and a motion to dismiss. Dkt. Nos. 4, 5. On April 3, 2023, finding that Plaintiff failed to state a claim for which relief can be granted, the Court granted Defendant's motion to dismiss and dismissed the case. Dkt. No. 6. Judgment was entered. Dkt. No. 7.

Now before the Court is Plaintiff's motion to enter default. Dkt. No. 8. Plaintiff contends that because Defendant did not file an answer to her complaint, he is in default. See id. Plaintiff is mistaken. Per Federal Rule of Civil Procedure 12(a)(4), "serving a motion under [Rule 12] alters the[] period[]"

within which a party must serve a responsive pleading. Indeed, "shere a motion to dismiss has been filed, no answer need be filed until . . . after the Court disposes of the motion." Jones v. Bales, 58 F.R.D. 453, 456 (N.D. Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Here, Defendant did just that—rather than filing an answer to Plaintiff's complaint, he filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As such, he did not need to file an answer until after the Court disposed of his motion. Further, because the Court granted Defendant's motion to dismiss and entered judgment, no answer was required. Accordingly, Plaintiff's motion to enter default is **DENIED**. This case stands closed.

**SO ORDERED**, this 18 day of April, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA